Good morning. May it please the court. Frederick Goldberg, I'm an assistant federal public defender in the Middle District of Pennsylvania, and I represent the appellant Jamel Easter. I'd like to reserve two minutes of my time for rebuttal. Whenever a district court is considering the imposition of sentence, its discretion is channeled through section 3553A and 3582A. That's consistent with the language of those two provisions, which discuss imposition of sentence and considerations governing it. It also dovetails with the language in section 404B of the First Step Act, which talks about imposition of a reduced sentence. True enough. Can I ask you something, Mr. Ulrich, that doesn't look like you or the government dealt with, and that is what's the source of the requirements for resentencing under the First Step Act? Do we look only to rule 404? Do we have to look to section, excuse me, section 404? Do we have to look also to section 3582C1? Yes. We look to both? I think so. So I think the way it should work is, so Congress has carved out a handful of exceptions to finality. One of them is compassionate release. Another one's where there's a retroactive amendment to the guidelines. And then there's sort of a third one. It's a catch-all. This is 3582C1B, and it provides an avenue for revisiting the sentence, providing that there's an express grant of remedial power. Justice Sotomayor said as much in United States v. Treasman when she was sitting on the Second Circuit that that's how this section functions. It's not itself a source of authority. That comes from whatever enactment Congress hands down, either whether it's 3742, where this court vacates a sentence and remands, or 2255. But in this case, it's from section 404B. But why doesn't it just provide the authorization in C1B, so that we do need to look at that language as well as the language of 404? Well, I think you need to look at that language to see if there's an express grant of remedial authority to revisit a sentence, which section 404B provides. And once you're revisiting a sentence and considering whether to reduce it, then you automatically track the considerations of generally governed sentencing in 3553A and 3582A. Does that mean we're relegated to modifying the sentence as in 3582C? Still, yes, it does use the term modifying, but I don't think it's necessarily used as a limitation. I think it's just a general reference to whatever authority may be out there. If it's going to be read as a limitation, well, then it would be a limitation when there's a sentence vacated on by this court and remanded. So it can't function that way. Tell me about the parameters that we're dealing with. In 3582, the operative verb is modify. In 404B, it's impose. In the case law, there's a discussion of plenary sentencing. Obviously, if we were just dealing with the verb modify, then it would be a plenary sentencing, right? So you're asking us to say that when you look at 404B, it requires an examination of all of the 3553A factors. In the first instance, I'd like you to address, if you would, the modify-impose. Words are chosen advisedly by Congress. There are two different word choices there. Does one lead us to think that 3553A factors should be used? I don't think that the modification or the term modify in 3582C1B is a limitation. It's simply a recognition that there may be an enactment by Congress out there, or Congress may come up with some sort of enactment, just like they did with 404B, that allows a court to revisit a sentence. It is limited because the language in 404B says it can impose a reduced sentence, not an increased one. So there is a limitation, but that limitation almost functions in the same way that a statutory maximum would. It doesn't mean that the court's discretion can't be informed by the very same considerations that a court uses every time. So your position is that we should follow the Fifth and Sixth Circuit's position that 404B is freestanding authority in terms of sentencing? Yeah, I'm not sure if it's the Fifth Circuit, because I think Hedgewood has what I would describe as a fairly divergent view of how this functions. So that's the Fifth Circuit's view. Well, they do say that you should employ the 3553A factors, which I presume is, at bottom, what you want. Exactly. But they do it in the context of reading the as-if language in Section 404B as some sort of limitation. That's just a grant of retroactivity, as if you were sentencing them right now, not as if you were sentencing them 25 years ago. That would make absolutely no sense. In fact, it would run counter to the Guidelines Manual itself, which is you apply the Guidelines Manual that's in effect at the time you're making the sentencing decision, not when it was in effect 25 years ago. Stop a second there. And you mentioned the Hedgewood decision. What did the Fifth Circuit say was the right thing to do? Well, they read the as-if language as limiting the court to the period of time when the offense occurred. And why is that wrong? To be saying it's wrong. How'd they get it wrong? Well, because if you do that, you're not applying the law in effect at the time you're making a decision. This Court has said that repeatedly. You're not addressing the very thing you just said. What does the as-if mean? It means that the statute, Section 404B, has retroactivity. It doesn't mean that you look at it in the context of what it would have been as if that had been in place back then? Well, to some degree. Isn't that what the Fifth Circuit did? Well, they did a little bit more than that because you're frozen in time. You're not allowed to consider post-sentencing rehabilitation, for instance, because, well, it didn't happen back then. It wasn't in existence back then. And so I don't know that that's necessarily consistent with 3553A or the United States Supreme Court's decisions interpreting the scope of 3553A. Okay. I assume for the sake of discussion, we thought, oh, they're right. You know, you've got to look at the guidelines as they are now. Does that mean you've got to look at all the guidelines? Is your client entitled to a plenary resentencing as if all the different guidelines sections were in place? Or are we just looking at the guidelines pertaining to the one thing that has changed? Well, I'd like to answer that in sort of two steps. So, first of all, one thing I would suggest is you look at it as if at the time for purposes of eligibility. So if you drop this statutory change into the statute, changing the drug quantities, and the person is eligible, well, now you're at step two. So now you're going to determine whether you want to modify, revisit, resentence, or impose some sort of new judgment on this person. A lot of things go into that consideration. It happens every day by the district courts. And yes, I would suggest that a plenary resentencing, to the extent that you're going to look at everything anew, is appropriate because this person changed. Give us some hint about why you think Congress meant, instead of doing what it explicitly said, which was we just want to kind of pull those reduced drug quantities in and give people benefit of that. No, we want people to get full resentencing, the whole range of stuff that might have changed. It's got to go right from scratch. What in the legislation or otherwise tells us that that's really what they meant to do? Well, I think certainly the legislation is less than clear on that. But it certainly doesn't limit the court. In fact, it gives it a broad grant of discretion, if anything. There's nothing to suggest that a court's determination of an appropriate sentence after determining somebody's eligible is limited. What about statutory language? When Congress wants consideration of 3553A factors, it said so. Not always. And this court actually answered that question. So in United States v. Thornhill, the exact same circumstance occurred in the context of 3583G, a provision that dealt with mandatory revocations of supervised release. And this court looked at the provision and said, well, 3553A is not in there. So does that mean the court can do whatever it wants when it revokes somebody? No. The court concluded in Thornhill that the overarching premise of the Sentencing Reform Act of 1984 is any time a judge is imposing a sentence, the considerations are channeled through 3553A. But here we're looking at 3582C, and we have the overlay of Dillon on that. We have the overlay of Dillon on 3582C2. And that's because Congress specifically laid out a framework in C2 for guideline adjustments, and it said if there's going to be a guideline adjustment, you have to adhere to whatever the Sentencing Commission says is policy statements. There's nothing like that here. So wouldn't that have been an even stronger case for requiring the kind of plenary sentencing that you're advocating? Because there it at least expressly says, consider it. And in 1B, whether we think that we are looking at that as a guide or that 404 is channeled through C1B, it's omitted. So doesn't Dillon tell us that if it's not required for C2, then surely it's not required for C1B? But Dillon does tell us that 3583A is required for C2, but just within the parameters of the Sentencing Commission's policy statements, which are you can take a look at 3553A factors to the extent that they would adjust the sentence within that guideline range. So it does apply there. Isn't that the same thing with C1B and 404B? I mean, I took that language from the Fifth Circuit to be saying, in fact, they're pretty specific. They say the express backdating only of Sections 2 and 3 of the Fair Sentencing Act of 2010, saying the new sentence will be conducted as if those two sections were in effect at the time of the covered offense, supports that Congress did not intend that other changes were to be made as if they, too, were in effect. When you say there's nothing to suggest Congress meant that, yeah, how about the specific language as if and then directed at those two sections, just like the Fifth Circuit said? But it's as if in terms of eligibility. So the person's eligible. It says as if those two sections were in effect. It doesn't say as if the whole world were open to your defense client and you give them a whole new set of sentencing considerations, regardless of our language that directs us to Sections 2 and 3 of the Fair Sentencing Act. But the problem with that interpretation is it basically takes out of the court's considerations all of the things that inform a sentencing. Even if you could, but you seem to be, and this may be where we're talking past each other. Is it possible to be focused when you're paying attention to the resentencing on the changes made by Sections 2 and 3 of the Fair Sentencing Act and at the same time say I'm going to be informed by 3553? In other words, I'm not going to treat the whole panoply of changes in the law, including any other changes there may be in the guidelines as if they're applicable. I'm going to focus on those changes in the law, but I can still be informed by 3553A factors. Are those two things mutually exclusive or can they happen at the same time? They could happen at the same time, but then what you're doing is limiting sentencing information in violation of 3661. Well, that's what I want your help on. When you try to define plenary sentencing on the one hand and the considerations of 3553A on the other, I'm trying to figure out what is the difference in practical terms when you're sentencing. Because when you go through the seven factors, they cover just about everything. Because, you know, if you're thinking about guideline disparity, well, A6 will get you on that as you consider others who are similarly situated. So tell me if you would, what do you think the distinction between plenary is on the one hand and the consideration of 3553A? Well, I think they overlap extensively. So I think if you're going to conduct a resentence of any sort or consider imposing a new sentence, you've got to look at those seven considerations anew. You can't look at them as if the person hasn't been in jail for 25, 15, 10 years. That person is different and so are the considerations that govern his background and character. I think the government would want to be able to say, well, look at all these misconducts the guy had while he was in jail. Maybe we shouldn't give him relief. But that would foreclose that as well, because you wouldn't be allowed to consider anything that's happened since. So you're not pushing us to adopt what some other circuits have adopted, and that is this notion of under 404B plenary sentencing. Well, I'm not sure if any circuits adopted a plenary resentencing, but I think at a bare minimum you're entitled to- A lot of them have discussed it and some of them have in my reading of it, but that's unimportant. Go ahead. If you're talking about plenary in the sense that the court gets to consider the 3553A factors anew, yes. If you're talking about plenary where everybody has to come back in the courtroom and the judge has to announce a sentence from here and there has to be presence of the defendant and there has to be elocution, I'm not so certain that that has to take place. These guys have all been sentenced- How about they have to have everything on the table? You seem to be arguing that the state of the law- maybe I've misunderstood you- by plenary resentencing, everything is open. Everything is open. Why isn't it- you stopped a minute ago and said, well, that would violate the- I can't even remember the section you cited. 3661. Okay. Explain that. How is it a violation of the law to say, you know, what Congress said we should look at the changes in Section 2 and 3 of the Fair Sentencing Act. We're going to do that. And while we're doing it, we're going to consider the 3553A factors. What is violative of the law in that approach? Well, if your question suggests that then you can also consider post-sentence rehabilitation, then nothing. But if your question suggests that our considerations are basically confined to the statutory change and the conditions that existed at the time of the offense, then yes, you're limiting information that's coming in about the defendant, what he's done since he's been incarcerated. Is it your argument that the district court is actually required to consider all of those factors or that it's simply permitted to do so? Required. If you're imposing a sentence, that's the straight-up language of both 3553A and 3582A, that any time you're imposing a sentence, you're required to consider these things in position. I don't think it's... What the district court really has to say is, I've considered the seven factors, and here are the ones in particular that I'm taking into account. That's correct. That's all that's required, you know. That's correct. That's the overall set. Just by way of... Do you agree if we were to conclude that it is not required, then given the default of 3582C, that it could not be permitted, that the district court then would not be allowed to consider other factors than that specified, namely the amendments? If the court was to read 3583 out of it, I believe that would be the logical extension that you wouldn't consider the other factors. I mean, if that's... I don't think that's consistent with the statutory text or the Fair Sentencing Act generally. I would just simply point out that, you know, anecdotally, there are quite a few of these guys that got mandatory life sentences 25 years ago, and those individuals are judges who have long since left the bench or passed away, and they're coming back in front of the court. Wouldn't you want to be able to assess their situation currently after 20 years as opposed to limiting it to just whether the guideline amendment suddenly altered... or the statutory amendment altered the guidelines? I think the answer would be yes. Just to be clear, it's not your argument then that the district court erred here by misunderstanding its authority to even consider the other 3553A factors. Well, the district court didn't say anything about that. It just simply didn't consider anything other than the change in the guidelines. I don't know whether the judge didn't understand that or was following some other case, but they didn't cite anything to that effect. Okay. Thank you. Thank you, Mr. O'Rourke. We'll have you back on rebuttal. We'll hear from the government. Good morning. Mike Consiglio, an assistant United States attorney on behalf of the United States. At issue for this particular case is whether the district court abused its discretion in deciding not to reduce the defendant's sentence in this case. There's a lot of stuff at issue here, and I wish you'd start where we started with Mr. O'Rourke, which is what is the source of the sentencing authority here? Are we confined to 404B? Does 3582C1B come into it? If so, how does it affect it? The source begins with 404B, but we respectfully submit to the court that 3582C1B also has an effect on the court's authority to exercise its discretion in whether to impose a reduction of sentence for a particular defendant. By respectfully submitting to the court, it starts with 404B, the express language of Congress, which says if a person has been convicted of a qualified offense and is eligible, second, a court may, and then there's no requirement that it must, reduce a sentence. It may reduce a sentence as if the fair sentencing act of 2010 were in effect at the time of the crime. And how does 3582C1B work into this? It works into it that 3582C generally speaks to the finality of judgments and sentences and carves out narrow paths for when a court can go back to a sentence and decide to reduce it or change it. And it provides three avenues generally when a court can do that. The first avenue is the compassionate release section, which I think is 3582C1A. There's another avenue that deals specifically when retroactive applicable sentencing guideline amendments, which is 3582C2. What does that, what does C2 have to do with this case? I guess the reasons why it would be of importance for this court's consideration, if you consider the first part, compassionate release, and the second part dealing with sentencing guideline amendments, both of those provisions expressly reference 3553A and that the court must consider those in fashioning a reduction or modification of sentence. 3582C1B makes no such reference to 3553A. So your assertion is Dillon must mean something here because it was dealing with an explicit reference to 3553 and C2 doesn't have an explicit reference. There is no explicit reference. What do we make out of the word impose? In all cases where we're talking about imposing a sentence, isn't 3553 in action? It does not necessarily, if Congress wanted to give authority for a court and require it to consider 3553A factors in a reduction, imposing a reduction of sentence, which is the phrase in 404B, it would have said it. Well, what Congress did say is that it wanted covered offenses to get a second look by the court focusing on the changes in mandatory minimums and to prevent recidivism. That's the words used. So thinking obviously ultimately of people getting out. But Judge Jordan's question goes to this, and that is impose is the language used in 404B, modify is the language used in 3582. Those words mean different things. We are confronted all the time with what did Congress say? And once we know what they've said, what does that mean? So the question that I have for you is, given that difference in language, how are we not to import that difference to mean that you're going to do more than a perfunctory sentencing? 3553A is what the Supreme Court has talked about, what all of these circuit court cases that we've referenced to you talk about. Why are they all wrong? Respectfully submit to the court, it is the consideration of a motion for reduction of sentence, imposing a reduction of sentence. That seems to avoid the question. In the cases where impose is used, isn't it uniformly the case that it's talking about the kind of process that 3553A contemplates? Can you cite us an example where Congress talks about imposing a sentence, and what they mean is some foreshortened, curtailed, don't-look-at-the-factors circumstance? Your Honor, I cannot cite to a particular example such as that, but I respectfully submit to the court that the fact that Congress used the word impose in 404B does not necessarily mean that Congress intended this to be a de novo resentencing process with imposing, with a cross-reference necessarily to 3553A. Why do you jump to de novo? I put to you what I put to Mr. Ulrich. Is it not possible to limit yourself as you're looking at what the new law is to Sections 2 and 3 of the Fair Sentencing Act, and nevertheless give consideration to 3553A factors? The discretion given to the district courts under 404B seems to open up without much limitation those factors that may be at 3553A. We're not saying a district court is not allowed to consider those, but 404B expressly says you can reduce a sentence as if the crime was committed with the Fair Sentencing Act of 2010 were in effect at the time the crime was committed. Once it gets past that threshold, the district court can look at its case, can look at its co-defendants, can look at the totality of the circumstances and fashion a fair sentence or decline. I don't understand why you're struggling here. I thought I heard you say that the court can take into account the 3553A factors. I heard that right. So what's the struggle here then? I don't believe there's any struggle, Your Honor. It's not that it can, it doesn't have to. Well, if we can't tell that from the record, if we think that the district court may have misunderstood that it was not even permitted to consider the other factors, then wouldn't the right disposition here be a remand? Starting from the discretion, the plain language of 404B and where the instruction begins, take the law as it was in effect at the time and consider the sentence of the defendant and then decide the discretions with the court to decide whether a reduction of sentence is appropriate. Starting with that, the district court did not abuse its discretion here by going just that deep and saying... You acknowledge that there's discretion and there's no evidence in the record that any discretion was exercised. Isn't that problematic for the government? Isn't that problematic for the case? Respectfully submit to the court that the judge did exercise the discretion. How do we know that? How do we know that the district court even understood that it had discretion to consider any 3553A factor outside of the sentencing range? The court says in its opinion multiple times, nothing has changed here. It does not walk through all the various factors associated with this particular defendant as what has changed, but the court found this is exactly the same circumstance that the defendant was when she sentenced him 10 years earlier. The Supreme Court required district courts to say, I acknowledge I have discretion under the guidelines. I used to say that all the time because the Supreme Court said I had to. What's the difference between that and this? The court record says in its opinion. The court didn't say it understood it had the discretion to exercise. It had the discretion to sentence pursuant to the 3553A factor. But it did say it had discretion to impose. If the court is saying that nothing has changed, doesn't that just reinforce that the court thought it could only look at the one thing that hadn't changed? Because other things, as defense counsel has argued, have changed. I think what is important to remember about what the district court was looking at here is there's twin aims that the First Step Act was trying to get at. First, trying to balance the finality of judgments that we can't impose an entirely new resentencing process for all defendants who were sentenced for crack cocaine offenses before August of 2010. That that's not the plain language of what Congress enacted by the First Step Act. There seems to be a respect for the finality of judgments. But there was this series of steps taken by Congress to provide relief to certain crack cocaine offenders who, because of the disparity between crack cocaine and powder cocaine, suffered more harsh sentences. Now we seem to be moving backwards. I thought we'd gotten past that, and we were at the point where the government was acknowledging, even if you're not acknowledging that the court is supposed to exercise discretion under 3553A, that it could exercise 3553A. If that's the case, if it's got discretion, and there's no indication that it's recognizing it, that's where you may have a different view of the record than your opponent does. You clearly do. And I guess we'll have to deal with that. You've got a few minutes left. Let me move you to another topic that I think is very significant. You take the position that, in the resentencing, the district court was free to look at the total amount of crack cocaine which was actually, according to the district court's finding, in play at the time of the original sentencing, not what was charged in the indictment. I'm curious, what are we to do with the Fourth and Fifth Circuits' rulings in Wersing and Jackson? Why are those circuit courts wrong? Because they're exactly contrary to the position you're taking, aren't they? That is correct, Your Honor. And obviously, before the district court, the government objected to – obviously, the first step back is a two-step process. First is determining eligibility, and second is the exercise of discretion by the district court on whether to reduce the sentence. In the first step of eligibility, the government contested eligibility based upon an interpretation of what a covered offense is. Right. And the district court thought you were wrong. Exactly. And apparently, the Fourth and Fifth Circuits think you're wrong. And we did not agree and raise that issue for the court's consideration on this particular appeal. You waived it for purposes of appeal? Well, we're not conceding that he is eligible. We're maintaining a consistent approach and interpretation of that statute for the department, that it is – you can look to these factors and these circumstances, but we didn't fully litigate it here for this court. You didn't raise it. You didn't litigate it at all for us, did you? I'm sorry? You didn't litigate it for us at all. You have a footnote that indicates that you raised the argument in the district court, and it doesn't even purport to make that argument here. That's correct, Your Honor. Let me ask you this question. How is a district judge confronted with a resentencing of a person who's otherwise eligible under this statute to sentence if that sentencing isn't done in the context of the case involved? So crack cocaine conspiracy. If the 3553A factors aren't considered, how does a district judge exercise any discretion? Because without context, which is what the 3553A factors will provide, how can a knowledgeable, individualized sentence occur, right? So a guy comes before me and is wrapped up into a conspiracy. A small amount of crack is involved in his involvement. Another person, a large amount. If we don't contextualize their relative responsibilities within the conspiracy and look at the 3553A, how is a court going to exercise their discretion with regard to those two defendants? And I respectfully submit to the court that the district court did that in this case at the original sentencing of all three defendants who were part of this case and went to trial and were sentenced, and through subsequent modifications of sentences for the guideline retroactive applicable reductions, and did the same here in this particular case. She didn't expressly say 3553A factors and all of those circumstances, but she did say, I sentenced this guy before. I sentenced him, and nothing has changed other than the mandatory minimums and the statutory maximum. Nothing has changed from where I sentenced him all those years ago. I'm not going to exercise my discretion here to reduce this sentence. No, she didn't say that. She didn't say, I'm not going to exercise my discretion. Because if she'd said that, we might be having a different conversation. And you want us to read into her statement, nothing's changed, all those additional things. But we've got the government's position on that, and we appreciate it. Thank you very much, Mr. Consolidate. And we'll hear from Ms. Sorrell right now about it. Just two quick points. One, in Thornhill there's a footnote, number nine, that says, where the question is whether 3553A applies, it's a legal issue, not abuse of discretion in terms of the standard of review. I know that's a minor point, but just as clarification. Two, to follow up on Judge Greenway's question, if the government's position were adopted, and we were just going to allow discretion outside the confines of 3553A, then these cases could be denied for good reason, bad reason, or no reason at all. And that could include the judge deciding that I just don't agree with the First Step Act, or I don't agree with the Fair Sentencing Act. And basically that decision would be unreviewable. Given the government's concession that a district court can consider all of the 3553A factors, could a district court meaningfully do that without a full resentencing hearing? Yes. How would it do that, especially given the issues you've won over with rehabilitation? Well, let's say Mr. Easter is 10, 12 years out from sentencing. Judge Rambo did sentence him. He was there. He had allocution. What's changed? Well, he's changed a little bit. I mean, he's done all this programming in prison and maybe has a different view of his future and himself. And certainly the guidelines themselves have changed in a number of ways. So that information could be considered anew. But it might be different if, and this happened in quite a few cases, as the court can imagine, the judges are no longer alive. And these people have served 15, 20 or more years. And, you know, they were teenagers. They were young when they came into court. Now they're old men or women and they come back in. They've changed a lot. The entire legal landscape has been revolutionized since Booker. And so those considerations I think are important to take into account when you're imposing a new sentence. But your position is that that could be handled on briefing? Well, I guess I was less than clear on that. My position is that if you have somebody that the judge has seen before, yeah, then maybe on the papers it's fine. But if you have somebody that the judge has never seen and never heard from, I think maybe it would be appropriate to see them. We have a couple of people that are in fairly bad medical circumstances, you know, kidney transplant, quadriplegic, from a beating. The judge might want to see those people. All right. We've got that and we'll let Pastor comment that somebody in their 40s is an old man. All right. Thanks. We've got the matter under consideration.